IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MICHAEL DOUGLAS BARBEE, )
 )
        Petitioner, )
 )
    v. ) 1:09CV08
 )
JUDY BRANDON, )
 )
        Respondent. )

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 18, 2002, in the Superior Court of Alamance County, Petitioner pled guilty to second-degree murder. He was sentenced to 151-191 months in case 01 CRS 58521. Petitioner did not file a direct appeal. Instead, he waited nearly three years before filing a certiorari petition with the North Carolina Court of Appeals on July 1, 2005. When this was denied without prejudice, he submitted a motion for appropriate relief in the trial court. It was filed on October 4, 2007 and summarily denied on October 22, 2007. Petitioner then sought certiorari from the North Carolina Court of Appeals, but this was denied on December 31, 2007. He also sought relief in the North Carolina Supreme Court, but this was rejected in an order entered March 12, 2008. Petitioner next dated his habeas petition on December 30, 2008. It was received by this Court on January 2, 2009. Respondent has filed a motion to dismiss the petition and

Petitioner has filed a response. The motion to dismiss is now before the Court for a decision.

## **Discussion**

Respondent requests dismissal on the ground that the petition was filed[1] outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2244(d)(1). The AEDPA amendments apply to petitions filed under § 2254 after April 24, 1996. Lindh v. Murphy, 521 U.S. 320 (1997).

Interpretations of the limitation periods found in 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one another. Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). The limitation period ordinarily starts running from the date when the judgment of conviction became final at the end of direct review.[2] Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000). Where no direct appeal is filed, the conviction becomes final when the time for filing a notice of appeal expires. Clay v. United States, 537 U.S. 522 (2003). Respondent contends that Petitioner had no right to an appeal. In any event, Petitioner's judgment was entered on July 18, 2002 and he did not file any direct appeal. Even if he did have a right to appeal, his conviction became final

---

[1] A petition is filed by a prisoner when the petition is delivered to prison authorities for mailing. Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999).

[2] The time period can begin to run at other times in certain cases, such as where there is a change in law after finality or where facts cannot reasonably be discovered until a later time. Those situations do not apply here. Petitioner's claims were all in existence and either known to him or reasonably discoverable at the time his judgment was entered.

-2-

Case 1:09-cv-00008-JAB-DPD   Document 10   Filed 04/16/09   Page 2 of 7

and his time to file his habeas petition began to run, at the latest, fourteen days later on August 1, 2002. N.C.R. App. P. 4(a). This meant that he had until August 1, 2003 to file his petition. His petition was not filed until it was mailed over five years later on December 30, 2008. Nothing else appearing, it was filed well out of time.

Petitioner did attempt to receive state court relief through the collateral review process. The one-year limitation period can be tolled while state post-conviction proceedings are pending. Harris, supra. The suspension is for "the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review)." Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999). Unfortunately for Petitioner, his first attempt at any state court post-conviction review came in July of 2005, nearly two years after his time to file in this Court had already expired. Attempts at state relief made after the AEDPA time limit has expired do not revive or restart it. Minter v. Beck, 230 F.3d 663 (4th Cir. 2000).

Petitioner does make arguments which appear to seek equitable tolling. He points to his lack of education and ignorance of the law. The Fourth Circuit, as well as a number of courts, have held that the one-year limitation period is subject to equitable tolling. Harris, supra; Sandvik, 177 F.3d at 1271 (collecting cases). Equitable tolling may apply when a petitioner has been

unable to assert claims because of wrongful conduct of the state or its officers. A second exception is when there are extraordinary circumstances, such as when events are beyond the prisoner's control and the prisoner has been pursuing his rights diligently. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Harris, supra; Akins v. United States, 204 F.3d 1086 (11th Cir. 2000). Circumstances are beyond a prisoner's control if he has been prevented in some extraordinary way from exercising his rights. See Smith v. McGinnis, 208 F.3d 13 (2d Cir. 2000). This might occur where a prisoner is actively misled or otherwise prevented in some extraordinary way from exercising his rights. Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999). On the other hand, unfamiliarity with the legal process, lack of representation, or illiteracy does not constitute grounds for equitable tolling. Harris, supra; Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999). Waiting years to raise claims in state court and months to raise them in federal court shows lack of due diligence. Pace, supra. Finally, in order to show diligence, the prisoner must show diligence not merely at the federal level, but throughout the entire post-conviction process in order to have equitable tolling available to him. Coleman, 184 F.3d at 402.

As just stated, Petitioner's lack of formal education and familiarity with the law are not sufficient reasons to grant equitable tolling. Further, his petition is late by several years. He has not shown the diligence necessary for equitable tolling in any event. His request for tolling should be denied.

-4-

Finally, Petitioner claims that he is actually innocent of the crime to which he pled guilty. While at least one case, Souter v. Jones, 395 F.3d 577, 599-600 (6th Cir. 2005), has allowed equitable tolling based on actual innocence, others reject that approach. See Escamilla v. Junqwirth, 426 F.3d 868, 871-72 (7th Cir. 2005)(those claiming innocence must meet statutory time limits just like those raising other claims); David v. Hall, 318 F.3d 343, 346-47 (1st Cir. 2003)(Congress knew how to formulate an actual innocence exception, but did not); Flanders v. Graves, 299 F.3d 974, 977-78 (8th Cir. 2002)(no actual innocence exception separate from usual equitable tolling factors); Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002)(claims of innocence do not justify equitable tolling). Because the Court finds that the cases refusing to allow the exception contain the more compelling arguments, it will not recognize Petitioner's proposed exception to AEDPA in this case.

Petitioner's actual innocence argument also fails for another reason. Even if the Court were to find the existence of an actual innocence exception to the one-year time limit, it would not here. A petitioner claiming actual innocence must make an evidentiary showing that "it is more likely than not that no reasonable juror would have convicted him." Schlup v. Delo, 513 U.S. 298, 327 (1995). Petitioner's showing in the present case falls far short of meeting this formidable standard. The summary of the factual basis supporting Petitioner's guilty plea showed that, while driving a car 70 miles per hour in a 45 mile per hour zone,

Petitioner rear-ended a grain hopper on a wagon being towed by a tractor. The collision sent the hopper into the seat of the tractor, killing the driver of the tractor. Petitioner registered a blood alcohol level of .20 and tested positive for cocaine and marijuana. When told that he had killed the victim, he responded with racial slurs. (Docket No. 7, Ex. 2 at 7-9.)

Petitioner claims in his petition that the reference to racial slurs was improper, that the alcohol tests were improperly administered, that his attorney threatened him with a high sentence to get him to plead guilty, that his attorney generally did not mount a defense, that a local medical examiner ruled the victim's death "accidental" and that another vehicle hit the victim, and that the district attorney improperly stated that the victim's widow wanted Petitioner punished harshly. Most of these claims have nothing to do with actual innocence, but instead address alleged procedural or tactical errors.

The only possible argument addressing actual innocence might be the alleged statements by the medical examiner. However, the examiner's report, which is attached to the petition, does not support an actual innocence claim. There is a box checked marking the death as "accidental," but this is not a binding determination of Petitioner's legal guilt. Further, the report clearly describes an automobile accident in which the victim died from internal bleeding, possibly from a lacerated organ, after the tractor and trailer he was driving were hit from behind by a car. As for other vehicles, the report notes only that a pickup truck hit the trailer

that the tractor had been towing. However, this occurred after the initial collision, which had already thrown the victim from the tractor. The report never states that the truck hit the victim or contributed to his death in any way. (Docket No. 1, Ex. I-1.) Far from exonerating Petitioner, the report actually points to his guilt. It is clear that the initial hit from Petitioner's car killed the victim. Petitioner's actual innocence argument fails for all of the reasons just discussed and he is not entitled to equitable tolling. His petition is untimely and should be dismissed.

**IT IS THEREFORE RECOMMENDED** that Respondent's motion to dismiss (docket no. 6) be granted, that the petition (docket no. 1) be dismissed, and that Judgment be entered dismissing this action.

/s/ Donald P. Dietrich
**Donald P. Dietrich**
**United States Magistrate Judge**

April 16, 2009